IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-13-188-C |
| ) | |
| BRANSON VACATION & TRAVEL, ) | |
| LLC; and DOES 1-10, inclusive, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action, asserting that Defendant Branson Vacation & Travel, LLC ("Branson") violated provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). According to Plaintiff, Defendant repeatedly called his cell phone number using an automatic dialing system. Plaintiff argues that such actions are violations of the TCPA and that he is entitled to statutory damages under that Act. Plaintiff has filed a Motion for Partial Summary Judgment, asserting that the undisputed material facts demonstrate he is entitled to relief on his claims.[*]

The following facts are undisputed. Plaintiff has a telephone with the last four digits being 6743. Beginning in 2012, Plaintiff began receiving calls to his 6743 number from a telephone number ending in 0780. The 0780 number is owned by Defendant

---

[*] Defendant has moved to strike the Motion for Partial Summary Judgment, arguing that it was untimely filed. However, as Plaintiff noted in his response, the deadline for filing summary judgment fell on a weekend and the next Monday was a holiday. Therefore, Plaintiff's filing on the following day the Court was opened for business was timely under the Scheduling Order. See Fed. R. Civ. P. 6; LCvR 6.1. Accordingly, Defendant's Motion to Strike will be denied.

Branson. Between June 28, 2012, and January 23, 2013, Branson called the 6743 number 37 times. Each of those calls were made with a dialing software called "VICIdial Call Center Suite." That calling software places calls and only if those calls are answered are the calls routed to a live person. Morgan did not offer his 6743 number to Branson or provide consent for Branson to call him. Plaintiff asserts that the 6743 number is his T-Mobile cellular phone. Defendant argues this fact is disputed, as the evidentiary material it has is so redacted that it is impossible to determine if the number is in fact a cellular number. However, in seeking summary judgment, Plaintiff provided an affidavit wherein he testified under oath that the number in question, 6743, was indeed his cellular number. Defendant has failed to come forward with any evidentiary material from which a reasonable jury could find that the 6743 number is not Plaintiff's cellular phone number. Therefore, the Court finds that Plaintiff has established that 6743 is in fact his cellular phone.

     The relevant section of the TCPA provides:

It shall be unlawful for any person within the United States . . .

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . .
>
>     . . . .
>
> > (iii) to any telephone number assigned to a . . . cellular telephone service . . .

47 U.S.C. § 227(b)(1)(A)(iii).

It is undisputed that Branson placed at least 37 calls to the 6743 number and that those calls were made with an automatic dialing system subject to the TCPA. Accordingly, the Court finds that Plaintiff has established the elements of his claim for violation of the TCPA by Branson. The only defense available to Branson at law is that Plaintiff had provided consent to receive calls at the 6743 number. However, the undisputed evidence before the Court demonstrates that Plaintiff did not provide his consent.

Defendant argues that it has offered evidence showing good faith measures to ensure it was in compliance with the TCPA. However, Defendant has offered no legal authority to establish the existence of a good faith defense. Defendant's good faith is immaterial as the statute imposes strict liability for violations. See Alea London Ltd. v. Am. Home Servs., Inc., 638 F.3d 768, 776 (11th Cir. 2011), cert. denied, ___ U.S. ___, 132 S.Ct. 553 (2011); Branham v. ISI Alarms, Inc., No. 12-CV-1012 (ARR) (MDG), 2013 WL 4710588, *8 (E.D.N.Y. 2013).

As Plaintiff notes, § 227(b)(3)(B) provides that a plaintiff may "recover for actual monetary loss from . . . a violation, or . . . receive $500 in damages for each . . . violation, whichever is greater." Here, the undisputed facts demonstrate that Defendant called Plaintiff 37 times. Plaintiff has offered no evidence of actual damages and requests

statutory damages.  Based on the provisions of the statute and the undisputed facts, the Court finds that Plaintiff is entitled to recover $18,500.00 in statutory damages.

Plaintiff also requests treble damages, noting that the statute states, "[i]f the court finds that the defendant willfully or knowingly violated this subsection . . . the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."  47 U.S.C. § 227(b)(3).  Plaintiff argues because there is no evidence that Branson attempted to secure his consent or make any other effort to comply with the law, that he has demonstrated Branson's actions were willful and/or knowing.  In response, Branson sets forth a number of steps it took which it claims demonstrated its good faith and attempts to comply with customers' Do Not Call requests, such as obtaining copies of Do Not Call lists and purchasing its call lists from third-party vendors who asserted that the telephone numbers listed were only landlines.

Unlike liability under the statute, the issue of treble damages hinges on intent.  Alea London Ltd., 638 F.3d at 776. On the evidence before the Court, it is impossible to determine whether or not Branson's actions were willful or knowing.  Accordingly, to the extent Plaintiff seeks treble damages in his summary judgment, that portion of the motion will be denied.  If Plaintiff wishes to pursue a claim for treble damages through trial, he must file notice with the Court no later than Wednesday, October 16, 2013.  Otherwise, judgment will enter only for the amounts noted herein.

Plaintiff named John Does 1-10 in his Complaint. There is no evidence that Plaintiff has made any effort to identify those Defendants or serve process on them. Fed. R. Civ. P. 4(m) requires service within 120 days of filing the Complaint. Accordingly, Plaintiff shall, no later than Wednesday, October 16, 2013, show cause why his claims against the John Doe Defendants should not be dismissed.

For the reasons set forth herein, Defendant's Motion to Strike Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 18) is DENIED. Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 14) is GRANTED. Plaintiff is entitled to damages in the amount of $18,500.00. As set forth herein, Plaintiff is to notify the Court of his intent to further pursue treble damages and establish grounds for his failure to serve Defendants Does 1-10 no later than Wednesday, October 16, 2013. A separate judgment will issue at the close of this matter.

IT IS SO ORDERED this 4th day of October, 2013.

ROBIN J. CAUTHRON
United States District Judge